**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN (JACKSON)  DIVISION**

**WILLIAM D.  COLE**                                                              **PETITIONER**

**VERSUS**                              **CIVIL ACTION NO.  3:14CV181-HTW-LRA**

**SHERIFF W. D. SOLLIE**                                               **RESPONDENT**

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

William D. Cole filed the instant petition for writ of habeas corpus relief on March 4, 2014.  On March 31, 2014, Respondent moved to dismiss the petition for failure to state a claim upon which relief can be granted.  Alternatively, Respondent submitted that the petition should be dismissed as untimely, or for failure to exhaust state court remedies.  The Court recommends that the motion be granted for the reasons that follow.

Petitioner Cole pled guilty to possession of cocaine with the intent to sell or distribute in the Circuit Court of Lauderdale County, Mississippi, and on August 20, 2007, he was sentenced to serve 15 years in the custody of the Mississippi Department of Corrections, with 15 years suspended and 5 years of supervised probation.  He was also ordered to pay court costs, fines, and restitution.  On January 16, 2014, the trial court scheduled a probation revocation hearing for February 6, 2014, following a probation officer's report that Cole had violated the terms of his probation.  The revocation hearing was subsequently rescheduled three times due to new drug charges, plea negotiations, and at the State's request.  A revocation hearing and a trial on the new charges was reset for May 20, 2014.  On March 31, 2014, because Cole had yet to be either revoked or tried on

the new charges, Respondent filed the instant motion asserting that Cole was a pre-trial detainee subject to the provisions of 28 U.S.C. § 2241, and moved to dismiss his petition for failure to state a claim upon which habeas relief could be granted.[1]

Since that filing, Cole's probation has now been revoked with regard to his 2007 guilty plea. By Order of Revocation of Probation entered by the Lauderdale County Circuit Court on May 28, 2014, Cole was found to be in violation of the terms of his probation and he was sentenced to five years in the custody of the Mississippi Department of Corrections. He was also ordered to pay $175.00 in supervision fees and credited 146 days for time served. Accordingly, Cole is no longer a pre-trial detainee, and as argued by Respondent in pleadings filed subsequent to the revocation, Cole's petition is properly considered pursuant to 28 U.S.C. § 2254.[2]

Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief. *Parr v. Quarterman,* 472 F.3d 245 (5th Cir. 2006). To satisfy the exhaustion requirement of § 2254(b)(1), a "habeas petitioner must have fairly presented the substance of his claim to the state

---

[1] ECF No. 5-1– 5-6. The right to seek federal habeas corpus relief under § 2241 "does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489 (1973). To the contrary, a pre-trial detainee is not permitted to derail "a pending state court proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Id*. at 493.

[2] ECF No. 8-1. The Lauderdale County Circuit Court also entered an order on May 28, 2014, dismissing the new drug charges against Cole. ECF No. 8-2.

courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This requires submitting the factual and legal basis of every claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A habeas petitioner who has failed to exhaust all of his post-conviction remedies has asserted no cognizable right to federal habeas relief under section 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

Although not expressly stated, Cole appears to challenge both the revocation proceedings and his underlying 2007 guilty plea and sentence in his petition for habeas relief. With regard to the latter, he asserts that he "pleaded to the upgraded charge without benefit of the lawful and statutory requirement of an indictment."[3] Relative to his probation revocation, he denies that he violated the terms of probation and maintains that he has repeatedly complained to his attorney to no avail. In his prayer for relief, Cole requests that this Court grant him an evidentiary hearing and a new attorney to help prove his innocence.

To the extent Cole seeks to challenge his underlying guilty plea and sentence, he is barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition from the date their convictions become final. *See* 28 U.S.C. § 2244(d)(1). Cole's conviction became final on September 20, 2007, 30 days after he entered his guilty

---

[3] ECF No. 1, p. 1.

plea on August 20, 2007.[4]  He was therefore required to file a petition for federal habeas corpus relief challenging his underlying guilty plea and sentence on or before September 20, 2008.  Nothing of record indicates that Cole filed a "properly filed" motion for post-conviction relief prior to September 20, 2008, to toll the statute of limitations.  In the absence of any evidence warranting statutory or equitable tolling, any claim challenging his original guilty plea and sentence is barred by the statute of limitations.

To the extent Cole seeks to challenge his probation revocation, the petition must be dismissed for failure to exhaust his state court remedies.  Exhaustion is a mandatory prerequisite for federal review, and Cole must present his claims to the state's highest court in order to provide the state courts with a fair opportunity to consider and pass upon the claims.  *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999).

The Court is mindful of its discretion to stay and hold this matter in abeyance pending Petitioner's exhaustion of his state court remedies.  But the United States

---

[4]Mississippi law prohibits prisoners who plead guilty from directly appealing to the Mississippi Supreme Court.  Notwithstanding the statutory prohibition, the Mississippi Supreme Court has historically carved out an exception permitting appeals from a guilty plea within 30 days for challenges to the legality of the sentence.  *See Sanders v. Cabana*, 2005 WL 1240784 (N.D. Miss. May 19, 2005).  Miss. Code Ann. § 99-35-101 (Supp. 2009) has now been amended to expressly prohibit appeals when the defendant enters a plea of guilty.  As a result, state courts no longer apply the 30-day exception to guilty pleas entered after July 1, 2008, the effective date of the amendment.  *See Seal v. State*, 38 So. 3d 635, 638 (Miss. Ct. App. 2010); *Burroughs v. State*, 9 So. 3d 368, 374 (Miss. 2009) (noting that guilty pleas entered prior to the 2008 amendment should be analyzed in accordance with the court's interpretation of this section as it existed).  Because Cole entered his guilty plea before the effective date of the amendment, he is credited with the 30-day period for direct appeals granted to petitioners who pled guilty prior to July 1, 2008.  *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003).

Supreme Court has instructed lower courts that stay and abeyance is an extraordinary remedy not to be made readily available to a habeas petitioner. *Id.* at 278. The *Rhines* Court cautioned that "stay and abeyance should be available only in limited circumstances" because "granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts." *Id.* at 277. Stay and abeyance is only appropriate when there is good cause for the petitioner's failure to fully exhaust his claims in state court first. *Id.* at 277-78.[5] No good cause has been shown here. Petitioner is hereby cautioned that he must act diligently in exhausting his state court remedies and filing a subsequent federal habeas petition, if he chooses to do so.

For these reasons, the Court finds that his petition should be dismissed without prejudice for failure to exhaust available state court remedies.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party within 14 days after being served with a copy of this Report and Recommendation, may serve and file written objections. Within 7 days of the service of

---

[5] In addition to good cause, the *Rhines* Court instructed that a stay should not be granted when the petitioner's unexhausted claims are plainly meritless, or when there is an indication that the petitioner engaged in intentionally dilatory litigation tactics. *Id.* at 277-78. But a thorough examination of the merits of Petitioner's unexhausted claims cannot be conducted here because a copy of the state court record has not yet been filed in this case. Nor is there sufficient information to ascertain whether Petitioner has engaged in intentionally dilatory litigation tactics.

the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

This the 9th day of June 2014.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE