# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### NORTHERN DIVISION

**WILLIAM D. COLE**                                                                 **PLAINTIFF**

**VS.**                                           **CIVIL ACTION NO.: 3:14cv181-HTW-LRA**

**SHERIFF W. D. SOLLIE**                                                     **DEFENDANT**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This court now considers a motion to dismiss [Docket no. 13] filed by defendant Sheriff W. D. Sollie ("Sollie") on March 31, 2014. [Docket no. 5]. On June 6, 2014, petitioner William Cole ("Cole") responded in opposition. On June 9, 2014, United States Magistrate Judge R. Linda Anderson ("Judge Anderson") promulgated her report and recommendations on Sollie's motion to dismiss. [Docket no. 10]

On March 4, 2014, Cole filed his petition for writ of habeas corpus. [Docket no. 1]. Cole seeks to challenge his underlying guilty plea and sentence. The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year statute of limitations on state prisoners filing a federal habeas petition from the date their convictions become final. *See* 28 U.S.C. § 2244(d)(1).[1] Cole entered his guilty plea on August 20, 2007 and his conviction became final on September 20, 2007. In challenging his underlying guilty plea and sentence, Cole was required to file a petition for federal habeas relief prior to September 20, 2008, to toll the statute of limitations. Cole is unable to demonstrate that he filed a motion for post-conviction relief prior to September 20, 2008. His claim challenging the original guilty plea and sentence is, therefore, barred by the statute of limitations.

---

[1] Title 28 U.S.C. § 2244(d)(1) provides, in pertinent part, that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. . . ."

Cole also seeks to challenge his probation revocation. Applicants seeking federal habeas relief under 28 U.S.C. § 2254 must exhaust all claims in state court prior to requesting federal collateral relief. *Parr v. Quarterman*, 472 F.3d 245 (5th Cir. 2006). A petitioner only satisfies the exhaustion requirement of § 2254(b)(1)[2] by "fairly present[ing] the substance of his claim to the state courts." *Smith v. Dretke*, 422 F.3d 269, 276 (5th Cir. 2005). This, in turn, requires submitting the factual and legal basis of each claim to the highest available state court for review. *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). A petitioner's failure to exhaust all of his post-conviction remedies has not asserted a cognizable right to federal habeas relief under § 2254. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997).

While this district court has to power to stay and hold this matter in abeyance until the exhaustion of Cole's state court remedies, the Supreme Court has cautioned that an issuance of a stay and abeyance in this matter is only warranted where there is good cause for a petitioner's failure to fully exhaust his claims in state court. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Here, Cole has failed to demonstrate good cause for his failure to fully exhaust his claims in state court before filing his petition for federal habeas relief. Cole's attempt to challenge his probation revocation, therefore, must be dismissed.

On June 25, 2014, Cole filed his motion for extension of time to file his objections to Judge Anderson's report and recommendations. In a previous order, this court denied Cole's motion for extension. [Docket no. 13]. Cole, undeterred[3], filed his untimely objection to Judge Anderson's report and recommendations. [Docket no. 16]. Cole's objection failed to

---

[2] Title 28 U.S.C. § 2254(b) provides, in pertinent part, that:

(b)

      (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—

           (A) the applicant has exhausted the remedies available in the courts of the State . . .

[3] This court's active docket shows that Cole did not receive the mailed copy of this court's previous order denying Cole's motion for an extension, as on July 18, 2014, the mailed copy was returned as undeliverable. [Docket no. 15].

substantively respond to Judge Anderson's report and recommendations. Cole claims that he filed a notice of appeal in the Mississippi Supreme Court. The fact that he filed a notice of appeal does not overcome the fact that Cole had failed to first exhaust his available state court remedies prior to filing his federal habeas relief. Cole did not even mention Judge Anderson's finding that his challenge of the underlying guilty plea and sentence is barred by the statute of limitations.

This court elects to adopt Judge Anderson's report and recommendations. [Docket no. 10]. Accordingly, this court grants Sollie's motion to dismiss [Docket no. 5]. Cole's petition is dismissed without prejudice for failure to exhaust available state court remedies.

SO ORDERED, this the 24th day of July, 2014.

s/ HENRY T. WINGATE_____
UNITED STATES DISTRICT JUDGE